IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Jon P. PETERSON,
Attorney at Law.

Supreme Court

*No. 87–0200–D. Filed September 16, 1987.*

(Also reported in 411 N.W.2d 673.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Jon P. Peterson be publicly reprimanded for unprofessional conduct consisting of his neglect of clients' legal matters, his failure to respond to orders of a bankruptcy judge and his failure to respond to inquiries made in connection with the investigation by the Board of Attorneys Professional Responsibility (Board) into three client grievances. The court determines that a public reprimand is appropriate discipline for Attorney Peterson's conduct in these matters.

Attorney Peterson was admitted to practice law in Wisconsin in 1971 and practices in Wausau. He has not previously been the subject of disciplinary action. The referee is the Honorable Rodney L. Young, reserve judge.

Based on the parties' stipulation, the referee made the following findings of fact. In representing two brothers and their farm partnership in a bankruptcy proceeding, Attorney Peterson failed to properly defend several actions commenced against his clients by creditors and failed to advise his clients to commence individual bankruptcy proceedings. His failure to do so resulted in several judgments being entered against his clients' interests. Also, Attorney Peterson kept in his file an insurance settlement check in the amount of $70,000 made payable to and endorsed by his clients and failed to apply those proceeds to the reduction of a real estate mortgage until the bankruptcy court ordered him to do so. This conduct resulted in his clients' incurring additional interest charges.

In the course of the bankruptcy proceeding, Attorney Peterson failed to attend several hearings, despite having been advised by letter of the bankruptcy judge to do so. When he failed to appear at a hearing as ordered by the bankruptcy judge, the judge initiated a contempt proceeding. That proceeding resulted in Attorney Peterson's being found in contempt and ordered to pay a fine of $400.

The bankruptcy judge then filed a grievance with the Board concerning Attorney Peterson's conduct in the bankruptcy matter, and Attorney Peterson failed to respond to the Board's inquiry into that grievance. Further, Attorney Peterson failed to respond to Board

inquiries concerning two grievances filed by other clients.

On the basis of these facts, the referee concluded that Attorney Peterson's conduct in the bankruptcy proceeding constituted neglect of his clients' legal matter, in violation of SCR 20.32(3)(1986), that his failure to respond to the bankruptcy court's repeated requests and orders to appear at hearings violated the provision of the attorney's oath, SCR 40.13, which requires an attorney to "maintain the respect due to courts of justice and judicial officers," and that his failure to respond to Board inquiries into grievances violated SCR 22,07(2).

We adopt the referee's findings of fact and conclusions of law. In determining that the recommended public reprimand is appropriate discipline for this unprofessional conduct, we note that this is Attorney Peterson's first involvement with the disciplinary authorities and that, with respect to his failure to respond to directions and orders of the bankruptcy judge, he has been made aware of the seriousness of that misconduct by having been held in contempt by the bankruptcy court. While Attorney Peterson's conduct demonstrates a failure to meet his responsibilities to clients and the legal system, it does not warrant the suspension of his license to practice law. We determine that a public reprimand is sufficient discipline to protect the public from further misconduct and to impress upon Attorney Peterson the seriousness of his misconduct and the need for him to avoid similar conduct in the future.

IT IS ORDERED that Attorney Jon P. Peterson is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Jon P. Peterson pay

to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Attorney Jon P. Peterson to practice law in Wisconsin shall be suspended until further order of the court.

HEFFERNAN, C.J., and DAY, J., did not participate.