IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Jon P. PETERSON, Attorney at
Law.

Supreme Court

*No. 91-0640-D. Filed November 11, 1991.*

(Also reported in 476 N.W.2d 572.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of Attorney Jon P. Peterson to practice law
in Wisconsin be suspended for six months as discipline
for professional misconduct. That misconduct consisted
of failing to provide competent legal representation to a
client, failing to act with reasonable diligence and
promptness in representing the client, failing to keep a
client reasonably informed of the status of legal matters
he was handling, failing to appear in court on an order to

show cause, acting in the presence of a conflict of interest, failing to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of these matters and failing to refund the unused balance of a retainer to a client following termination of representation. The referee also recommended that Attorney Peterson be required to return the unearned retainer to the client.

Attorney Peterson's misconduct demonstrates a serious disregard of his fundamental professional duty to pursue his clients' interests competently and diligently and his duty to comply with court orders. In addition, Attorney Peterson has shown his unwillingness to abide by this court's rules requiring an attorney under investigation for professional misconduct to cooperate with the court's Board conducting the investigation. His misconduct warrants the six-month license suspension recommended by the referee as discipline. Further, we require him to return the unearned retainer to his former client.

Attorney Peterson was licensed to practice law in Wisconsin in 1971 and practices in Wausau. The court publicly reprimanded him in 1987 for neglect of client matters, failure to respond to orders of a bankruptcy judge and failure to respond to Board inquiries during its investigation. *Disciplinary Proceedings Against Peterson,* 140 Wis. 2d 565, 411 N.W.2d 673 (1987). The referee in this proceeding is the Honorable Timothy Vocke, reserve judge.

Attorney Peterson stipulated to the facts alleged in the Board's complaint concerning his misconduct and the referee made findings accordingly. First, in September, 1987, a woman retained Attorney Peterson to represent her concerning financial problems in her business. The representation contemplated a possible debt restructuring plan and a bankruptcy proceeding. At the

time she retained him, the client's farm property was in mortgage foreclosure.

In the course of his representation, Attorney Peterson agreed to submit a debt restructuring plan for his client to a federal agency but failed to do so. He also failed to return numerous telephone calls from the client concerning the status of the matter. The client ultimately discharged him and retained other counsel but was unsuccessful in retaining her property in foreclosure. During the Board's investigation of this client's grievance, Attorney Peterson failed to respond to two letters asking for a response to the grievance.

The referee concluded that Attorney Peterson failed to provide competent legal representation to the client, in violation of SCR 20:1.1,[1] failed to act with reasonable diligence and promptness in representing her, in violation of SCR 20:1.3,[2] and failed to keep the client reasonably informed of the status of her legal matters or promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a) and (b).[3]

In a second matter, Attorney Peterson was retained in early 1986 by a personal representative to act as attor-

---

[1]SCR 20:1.1 provides: "**Competence** A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2]SCR 20:1.3 provides: "**Diligence** A lawyer shall act with reasonable diligence and promptness in representing a client."

[3]SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

ney for an estate. Although he prepared a general inventory, obtained a tax clearance, had the personal representative pay the only claim in the estate and made distributions to the heirs, Attorney Peterson failed to file fiduciary income tax returns in order to obtain a closing certificate from the state revenue department and failed to obtain and file the personal representative's statement to close the estate. In 1987 and 1988 the probate registrar made numerous telephone calls asking him to complete the work in the estate, but Attorney Peterson did not respond. When the court issued an order to show cause why he should not be removed as attorney for the estate, Attorney Peterson did not appear at the hearing and did not complete the estate. Thereafter, the court removed him as attorney. During the Board's investigation of this matter, Attorney Peterson did not respond to two letters of inquiry.

The referee concluded that Attorney Peterson neglected legal work entrusted to him and failed to act with reasonable diligence and promptness, in violation of former SCR 20.32(3)[4] and current SCR 20:1.3, failed to appear on an order to show cause, in violation of SCR 20:3.4(c),[5] and failed to cooperate with the Board's investigation, in violation of SCR 21.03(4)[6] and

[4]Former SCR 20.32(3) provided: "**Failing to act competently.** A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer."

[5]SCR 20:3.4 provides: "**Fairness to opposing party and counsel.** A lawyer shall not: . . . (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;"

[6]SCR 21.03 provides: "**General principles.** . . . (4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

22.07(2).[7]

In a third matter, a man retained Attorney Peterson in January, 1988 to represent him in terminating a dealership agreement, for which he paid him a $1,000 retainer. Later that month, Attorney Peterson wrote the client that it was his opinion that the manufacturer with whom the client had dealt violated the state franchise law and that the client was entitled to recover his initial payment and other fees to obtain the dealership. Attorney Peterson then wrote the manufacturer and his attorney, giving them the same information and making a demand of the return of his client's fees, stating that if the refund were not made within a specified time, he would commence a civil action.

Although the refund was not made, Attorney Peterson did not commence the action. Instead, he advised his client to await the outcome of litigation pending between the manufacturer and his associate, a man whom Attorney Peterson had represented regularly in his business activities. While the client knew he represented that man, Attorney Peterson failed to tell him that the representation could materially limit his representation of the client and, further, that the manufacturer's business

---

[7]SCR 22.07 provides:

**Investigation.**

. . .

(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

associate would likely be named a defendant in any action the client might commence against the manufacturer. Attorney Peterson did not seek or obtain either client's written consent to the dual representation and did not make full disclosure to them of their respective interests.

When the litigation between the manufacturer and his business associate settled prior to trial, Attorney Peterson told his client he would be willing to proceed against the manufacturer but advised his client to speak first with the business associate concerning possible problems involved in such an action. Soon thereafter, the client terminated Attorney Peterson's services and retained other counsel.

When the client's successor counsel demanded return of the retainer the client had paid, Attorney Peterson told him there was a $384 balance remaining of that retainer and said he would send a detailed statement of the work performed. The client never received any billing statement or refund, despite continued attempts to communicate with Attorney Peterson. Also, his new counsel demanded an itemized statement of Attorney Peterson's services and a prompt refund of the unused portion of the retainer but Attorney Peterson did not respond to any of his requests.

During the Board's investigation of this client's grievance, Attorney Peterson failed to respond to two letters of inquiry. Conferring with the investigator of the district professional responsibility committee, Attorney Peterson acknowledged that his former client was entitled to a $384 refund and promised to make that refund immediately but he did not do so.

The referee concluded that by representing his client while at the same time representing the interests of another whose interests were materially limited by his

responsibility to the other client, without having obtained written consent from each of them after full disclosure of the possible conflict, Attorney Peterson violated SCR 20:1.7(a) and (b).[8] Further, his failure to refund the unused balance of the retainer to his client when he was discharged violated SCR 20:1.16(d).[9] Finally, his failure to furnish a written response to the Board violated SCR 21.03(4) and 22.07(2).

A fourth matter concerned Attorney Peterson's representation of a man who had retained him on a claim for repair work. Between the date of retainer in Novem-

---

[8]SCR 20:1.7 provides:

**Conflict of interest: general rule**

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents in writing after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

[9]SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

761

ber, 1988 and the end of February, 1990, the client telephoned Attorney Peterson's office numerous times but never received a return call. Thereafter, Attorney Peterson told the client the following: there was a complaint on file and papers were served, the opposing party denied there was any money due his client, and the court was so burdened with pending cases that his case was put aside to give preference to others. In February, 1990, the client learned from the court clerk's office that no action had been filed. The client then telephoned Attorney Peterson's office and asked his secretary to pass on that information. The following day Attorney Peterson gave the client a copy of a summons and complaint on the client's claim filed that day.

In the action he filed, Attorney Peterson named as defendants the owner of the building on which the client had performed the work and the tenant of that building. The owner filed a motion to dismiss on the ground that he had not been served with the pleadings. After the client had discharged Attorney Peterson and retained other counsel, the successor attorney obtained Attorney Peterson's file, which contained proof of service of the summons and complaint only on the tenant of the building. During the course of the Board's investigation of this client's grievance, Attorney Peterson failed to reply to two letters of inquiry.

The referee concluded that Attorney Peterson failed to act with reasonable diligence and promptness in this matter, in violation of SCR 20:1.3, and violated SCR 21.03(4) and 22.07(2) by failing to cooperate with the Board in its investigation.

By this misconduct, Attorney Peterson has disregarded his clients' interests, which he had been retained to protect and pursue, and refused to respond to an order of the court in which he represented his clients. This

serious misconduct is similar to that for which he was previously reprimanded and warrants severe discipline.

IT IS ORDERED that the license of Jon P. Peterson to practice law in Wisconsin is suspended for a period of six months, commencing December 16, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jon P. Peterson refund the unearned portion of the retainer to his former client, as specified herein.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jon P. Peterson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jon P. Peterson to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Jon P. Peterson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.