IN the INTEREST OF STEVEON R. A., A Person Under the Age of 18:

LA CROSSE COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner-Respondent,

v.

ROSE K., Respondent-Appellant,

HOWARD A., Co-Appellant. [Case No. 94-3434]

IN the INTEREST OF ALKCAYLA M. A., A Person Under the Age of 18:

LA CROSSE COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner-Respondent,

v.

ROSE K., Respondent-Appellant,

HOWARD A., Co-Appellant. [Case No. 94-3435]

IN the INTEREST OF BRITNIYA R. A., A Person Under the Age of 18:

La Crosse County Department of Social Services,
Petitioner-Respondent,

v.

Rose K., Respondent-Appellant,

Howard A., Co-Appellant. [Case No. 94-3436]

In the Interest of Kaytlene N. A., A Person Under the Age of 18:

La Crosse County Department of Social Services,
Petitioner-Respondent,

v.

Rose K., Respondent-Appellant,

Howard A., Co-Appellant. [Case No. 94-3437]

In the Interest of Tatiannia L. A., A Person Under the Age of 18:

La Crosse County Department of Social Services,
Petitioner-Respondent,

v.

Rose K., Respondent-Appellant,

Howard A., Co-Appellant. [Case No. 94-3438]

172

Court of Appeals

*Nos. 94-3434, 94-3435, 94-3436, 94-3437, 94-3438. Submitted on briefs June 13, 1995.—Decided July 27, 1995.*

(Also reported in 537 N.W.2d 142.)

174

For the respondent-appellant the cause was submitted on the briefs of *Kimberly A. Henderson* of *Bosshard & Associates* of La Crosse.

For the petitioner-respondent the cause was submitted on the brief of *David L. Lange*, assistant corporation counsel of La Crosse and *Angela L. Machi*, guardian ad litem, of La Crescent, Minnesota.

Before Eich, C.J., Dykman and Vergeront, JJ.

DYKMAN, J.   We granted Rose K.'s petition for leave to appeal from an interlocutory order denying her request to disqualify her children's guardian ad litem.

Section 808.03(2), STATS. The chief judge ordered that this case be heard by a three-judge panel. Section 752.31(3), STATS. The issue presented is whether an attorney who prosecutes the father of nonmarital children in a paternity action on behalf of the State of Wisconsin and owes a duty of loyalty to La Crosse County in child support enforcement actions, may also act as the guardian ad litem for those children in a child in need of protection or services (CHIPS) proceeding. We conclude that a conflict of interest exists in those representations, and therefore reverse the order denying Rose's request for new counsel for her children.

Rose and Howard A. are the parents of five nonmarital children, Steveon R.A., Alkcayla M.A., Britniya R.A., Kaytlene N.A., and Tatiannia L.A. The state, represented by Attorney Angela Machi, prosecuted several paternity actions against Howard. Howard was adjudicated the father of several of the children and was ordered to pay child support to Rose. Because Rose receives aid to families with dependent children (AFDC), she assigned her child support to the La Crosse County Child Support Agency. Attorney Machi will represent the state in enforcement actions against Howard if the need arises.[1]

In November 1994, a La Crosse County case worker filed a petition with the trial court alleging that Steveon had been abused and was in need of protection or services. The trial court appointed Attorney Machi as his guardian ad litem and when the case expanded

---

[1] Attorney Machi provides specialized legal services to La Crosse County on a contractual basis. Her job description includes "enforcing the collection of support" and "[e]nforc[ing] current orders for child support through civil contempt or collection of arrearages by other civil legal process."

to include all of Rose and Howard's children, the court appointed her to be guardian ad litem for all of them.[2]

We review trial court decisions on attorney disqualification for an erroneous exercise of discretion. *Marten Transp., Ltd. v. Hartford Specialty Co.*, 194 Wis. 2d 1, 13, 533 N.W.2d 452, 455 (1995). We have adopted the "substantial relationship" test in attorney disqualification cases. *In re Tamara L.P.*, 177 Wis. 2d 770, 781, 503 N.W.2d 333, 337 (Ct. App. 1993). That test provides: "where an attorney represents a party in a matter in which the adverse party is that attorney's former client, the attorney will be disqualified if the subject matter of the two representations are 'substantially related.'" *Berg v. Marine Trust Co., N.A.*, 141 Wis. 2d 878, 885, 416 N.W.2d 643, 647 (Ct. App. 1987) (quoted source omitted). The substantial relationship test does not require a finding that a breach of ethical standards or client confidentiality has occurred, but only that the attorney has undertaken representation which is adverse to the interests of a former client. *Id.* at 892, 416 N.W.2d at 649. The conflict of interest need not be actual. A serious potential conflict may be enough for disqualification. *State v. Miller*, 160 Wis. 2d 646, 659, 467 N.W.2d 118, 123 (1991).

---

[2] The guardian ad litem is an advocate for a minor child's best interests, functions independently, and considers, but is not bound by, the wishes of the minor child or the positions of others as to the best interests of the minor child. Section 767.045(4), STATS. This means that the guardian ad litem does not represent a child *per se* but represents the concept of the child's best interests. *Wiederholt v. Fischer*, 169 Wis. 2d 524, 536, 485 N.W.2d 442, 446 (Ct. App. 1992). We conclude that for the purpose of this conflict of interest analysis, a guardian ad litem represents a child.

■

We must modify, however, the substantial relationship test for use here because Attorney Machi, as the guardian ad litem, is not representing a client with interests adverse to a former client. Instead, Attorney Machi is representing children whose interests may be adverse to the interests of Attorney Machi's present client, the state, or the interests of a third party, La Crosse County, with whom Attorney Machi has a professional relationship. We conclude that in the instant case, the test for determining whether a conflict exists is whether the attorney has undertaken representation which is adverse to the interests of a present client or the interests of a third party with whom the attorney has a substantial relationship. This is consistent with *In re Peterson*, 164 Wis. 2d 755, 760-61, 476 N.W.2d 572, 574 (1991), in which the court found a violation of SCR 20:1.7(a) and (b) when an attorney represented a client while at the same time representing the interests of another whose interests were materially limited by the attorney's responsibility to the other client without first obtaining both parties' written consent after full disclosure.

Rose asserts that Attorney Machi's appointment violates SCR 20:1.7.[3] SCR 20:1.7(b) provides in pertinent part:

---

[3] Rose also asserts violations of § 48.235, STATS., and several ethics opinions. Because we conclude that SCR 20:1.7(b) prevents Attorney Machi from representing the state in paternity actions against Howard while also representing the children in a CHIPS proceeding, we need not address the applicability of § 48.235 or the ethics opinions. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (this court need not address other issues when one is dispositive of the appeal).

A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents in writing after consultation.

The comment to this rule provides in part: "As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without that client's consent." We agree. Attorney Machi's duties include collecting support from Howard, and prosecuting and ultimately attempting to incarcerate him if he fails to pay support. The money that Howard pays to the state is money that is no longer available for him to provide to his children. Attorney Machi decides when to commence a support action against Howard. Her roles present the following conflicts: Should Attorney Machi commence a support action and satisfy her client, the state, and a person with whom she has a contractual relationship, La Crosse County? Or should she not do so because her other clients, Howard's children, could use the extra money for an item not provided through AFDC payments? If Howard fails to pay what is ordered, should Attorney Machi attempt to incarcerate him, thus depriving the children of a father? These conflicts are real, and they place Attorney Machi in a position that no attorney should face: deciding which of two clients she will serve.

Attorney Machi's relationship with La Crosse County is a somewhat different matter. We accept that she represents the state in paternity and child support

actions. But the job description of a special prosecutor for child support and paternity actions shows that Attorney Machi owes a duty of loyalty to La Crosse County:

> This position is not that of a County employee, but is one of providing specialized legal services on a contractual basis on behalf of the La Crosse County Child Support and Paternity Agency. The attorney provides legal services as a civil prosecutor per Sec. 59.458 of the Wisconsin Statutes in the area of establishing paternity, securing court orders for support obligations as well as enforcing the collection of support. These services are provided on an hourly basis as required and the terms of services are set forth in a written contract.

The job description also notes that Attorney Machi "[p]rosecutes paternity actions in a court of law on behalf of the Child Support Agency until negotiated settlement or settlement at a trial is reached," "[k]eeps records and makes reports," and "[p]erforms related work as required or directed." So, while it is true that Attorney Machi represents the state in its paternity actions against Howard, she is certainly more than a bystander when it comes to her professional relationship with La Crosse County. SCR 20:1.7(b) speaks to this sort of relationship when it refers to "responsibilities to . . . a third person."

Attorney Machi and La Crosse County respond to Rose's argument by asserting that SCR 20:1.7 addresses the representation of clients and that Rose is not Attorney Machi's client. But the rule deals with clients *and* third parties. If Rose cannot assert the existence of a conflict of interest that may harm her children, who can? Certainly not the children's attor-

ney, for that is Attorney Machi, and she has joined in La Crosse County's brief, asserting that there is no conflict of interest. The children are minors, ranging from ages two to eleven. They cannot be expected to make this argument for themselves and Attorney Machi is certainly not making this argument for them. We conclude that Rose may bring the conflict of interest to our attention, and that SCR 20:1.7 addresses parties other than clients or former clients.

Attorney Machi has a duty to her clients, Rose and Howard's children. That representation is materially limited by Attorney Machi's responsibilities to another client, the state, and a third party, La Crosse County. We therefore conclude that the trial court erroneously exercised its discretion by denying Rose's request to disqualify Attorney Machi from her representation of Rose and Howard's children. Accordingly, we reverse and order the trial court to grant Rose's request to disqualify Attorney Machi.

*By the Court.*—Order reversed and cause remanded with directions.