Robert J. SWEET, Helen Sweet, and Robert J. Sweet Co., Inc., Plaintiffs-Respondents,

v.

Philip L. BERGE, a/k/a Phillip Berge, a/k/a Phil Berge, and Betty Jo Berge, a/k/a Betty J. Berge, a/k/a Betty Berge, Defendants-Appellants,†

WISCONSIN VALLEY CONCRETE PRODUCTS CO., a/k/a Wisconsin Valley Concrete Products Co., Inc., c/o Glenwood M. Knorr, Reg. Agent; Krause Excavating, Inc.; Winner, McCallum, Hendee & Wixson, a Wisconsin general partnership consisting of John D. Winner, Donald R. McCallum, Kirby Hendee and Robert G. Wixson; Jay Mar, Inc., Defendants.

Court of Appeals

No. 82–1359. *Submitted on briefs March 7, 1983.—Decided April 19, 1983.*
(Also reported in 334 N.W.2d 559.)

† Petition to review denied.

For the appellants the cause was submitted on the briefs of *Koritzinsky, Neider, Langer & Roberson* and *Linda S. Balisle* of Madison.

For the respondents the cause was submitted on the brief of *Stuart C. Herro, Jon P. Axelrod* and *DeWitt, Sundby, Huggett & Schumacher, S.C.,* of Madison.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Philip and Betty Jo Berge appeal from an order making a judgment of strict foreclosure of a land contract absolute. The Berges contend that their failure to receive notice of the redemption period substantially prior to its expiration violated their right to procedural due process under the fourteenth amendment to the

United States Constitution. The Berges also assert that since the redemption period ended on a legal holiday, the trial court erred in entering the order less than twenty-four hours after the end of the holiday. Because we conclude that the Berges received sufficient notice of all proceedings leading to the strict foreclosure judgment and subsequent order, and because the trial court had the authority to enter the order on June 1, 1982, we affirm the order.

In 1977, the Berges entered into a land contract with Robert and Helen Sweet. The contract provided that if the Berges defaulted in payment for a period of sixty days, the Sweets could foreclose the contract. On January 1, 1982, the Berges failed to make a payment due under the contract. The Sweets filed a summons and complaint against the Berges on March 2, 1982, alleging that the Berges were in default on the land contract and requesting that they be strictly foreclosed of all rights in the property if they failed to pay the amount due under the contract. The Berges were personally served with authenticated copies of the summons and complaint on March 6, 1982.

Neither the Berges nor any attorney acting on their behalf filed an answer or other responsive pleading, a notice of retainer, or a notice of appearance. The Sweets subsequently filed a motion to appoint a receiver to manage the property and mailed a copy to the Berges. A hearing on this motion was held on March 12, 1982, at which Philip Berge and an attorney who indicated that he was representing the Berges were present. The Sweets subsequently filed a motion for default judgment. Copies of this motion and notice of the date and time of the hearing on the motion were sent to the attorney who appeared with Philip Berge at the March 12 hearing.

Neither the Berges nor any attorney representing them appeared at the April 30, 1982, hearing on the Sweets'

motion for a default judgment. The trial court granted the motion and provided that the Berges could redeem the property up to May 31, 1982, at midnight. The court also requested that the Sweets' attorney prepare findings of fact, conclusions of law, and a judgment consistent with its decision.

The findings of fact, conclusions of law, and judgment of strict foreclosure were entered on May 24, 1982. Notice of their entry was mailed to the Berges on May 28, 1982. On June 1, 1982, the trial court determined that the Berges had not redeemed by midnight of May 31, 1982, and it entered an order making the judgment of strict foreclosure absolute.

■

The Berges contend that the failure to serve them with notice of the redemption period substantially prior to its expiration violates their right to procedural due process. We disagree. The fundamental requirements of procedural due process are notice and an opportunity to be heard. *Mid-Plaines Telephone, Inc. v. PSC*, 56 Wis. 2d 780, 785–86, 202 N.W.2d 907, 909–10 (1973). In this case the Berges had both notice of the proceedings leading up to the foreclosure judgment and an opportunity to be heard, of which they chose not to avail themselves. The Berges were personally served with copies of the summons and complaint advising them that if they failed to make the payments due under the land contract, the Sweets would seek a judgment of strict foreclosure. Neither the Berges nor any attorney acting on their behalf filed an answer or other responsive pleading.

■

When the Sweets filed their motion for default judgment, they sent a copy to the attorney who had appeared with Philip Berge at the hearing to appoint a receiver.[1]

---

[1] Under § 801.14(2), Stats., whenever service of pleadings and papers must be made on a party represented by an attorney, ser-

The attorney also received notification of the time and date of the motion hearing for default judgment. The Berges did not attend the hearing, nor did anyone representing them. Under these circumstances, there was no constitutional requirement[2] that the Berges receive independent notice of the redemption period when they had prior notice of the motion for default judgment and hearing date[3] and they chose not to appear at the hearing, which would have afforded them the opportunity to participate in the setting of the redemption period.

The Berges also argue that because the redemption period ended at midnight on May 31, 1982, a legal holiday,[4] under sec. 801.15 (1), Stats.,[5] the redemption period should have expired at midnight on the following day, June 1. They therefore assert that the order must be

---

vice shall be made on the attorney unless the court orders service on the party in person.

[2] The Berges concede that under the circumstances of this case, there is no statutory requirement that they receive independent notice of a redemption period set pursuant to an action for strict foreclosure of a land contract.

[3] The record indicates that Philip Berge did, in fact, have actual notice of the April 30 hearing. In its findings of fact, conclusions of law, and order for judgment entered on May 24, 1982, the trial court noted that the Berges' attorney had advised the court that Philip Berge had instructed him not to appear at the April 30 hearing.

[4] May 31, 1982, was Memorial Day.

[5] Section 801.15 (1), Stats., provides:

Notwithstanding ss. 985.09 and 990.001 (4), in computing any period of time prescribed or allowed by chs. 801 to 847, by any other statute governing actions and special proceedings, or by order of court, the ·day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than 7 days, Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in this section "legal holiday" means any statewide legal holiday provided in s. 757.17.

vacated because the trial court had no authority to enter the order on June 1, and that entry on that date was inequitable. The Berges do not argue that the entry was inequitable because they were precluded from redeeming the property or that they attempted to redeem on June 1. The alleged inequity the Berges refer to stems from the fact that on June 1 they filed a petition in bankruptcy in federal court, and they contend that entry of the trial court's order on that date prevented them from protecting their investment through a Chapter XI reorganization.

We conclude that sec. 801.15(1) is not applicable, and the trial court therefore could properly enter the order on June 1. Section 801.15(1) is substantially similar to Rule 6(a) of the Federal Rules of Civil Procedure, which has been characterized as a procedural rule that governs the computation of a period of time within which an act is required or permitted to be done.[6] At least one jurisdiction having a provision similar to sec. 801.15(1) and Rule 6(a) has held that this rule was intended to extend a period having a fixed number of days that does not begin or end on a specified day, when the last day of the period falls on a Saturday, Sunday, or legal holiday. *See State v. Brown*, 308 So. 2d 655, 656 (Fla. App. 1975).

In this case, the trial court indicated at the April 30 hearing that May 31 at midnight would be the final date for redemption. The judgment of strict foreclosure states "that a reasonable time for the defendants Berge to perform said contract is 31 days, commencing on April 30, 1982 and ending on May 31, 1982." The redemption period did not have to be computed because the court set specific beginning and ending dates and a definite hour on the final date after which the time for redemption would expire. From the court's decision at the April 30

---

[6] *See* 2 J. Moore & J. Lucas, Moore's Federal Practice, ¶ 6.06(2) (2d ed. 1982).

hearing and the language in the judgment relating to the time for redemption, the court clearly intended that if the Berges decided to redeem the property, they would do so on or before midnight of May 31, a specific time and date. The trial court also made sure that the Berges would not be precluded from redeeming on May 31, a legal holiday, by providing them with the option of paying the amount due directly to the Sweets. Because the redemption period did not have to be computed and because the trial court set a specific final time and date for redemption, the general rule of computation set forth in sec. 801.15(1) is inapplicable. The trial court therefore did not err in entering the order on June 1.

The Sweets have cited additional grounds to sustain the order. Because we have determined that there is at least one sufficient ground to support the order, we need not discuss the others. *Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

*By the Court.*—Order affirmed. Costs denied.[7]

---

[7] Costs are denied because of the many references in the respondents' brief to matters not included in the record. This court may not consider material that is not part of the record. *See Howard v. Duersten,* 81 Wis. 2d 301, 307, 260 N.W.2d 274, 277 (1977).