STATE of Wisconsin, Plaintiff-Respondent,†

v.

Bruce SOLBERG, Defendant-Appellant.

Court of Appeals

*No. 95–0299–CR. Submitted on briefs May 24, 1996.—Decided July 18, 1996.*

(Also reported in 553 N.W.2d 842.)

†Petition to review granted.

461

■■■■■

■■■■■

■■■■■

For the defendant-appellant the cause was submitted on the briefs of *John M. Brinckman* of *John Brinckman & Associates* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Marguerite M. Moeller*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

DYKMAN, J. Bruce Solberg appeals from a judgment convicting him of sexually assaulting Elizabeth H., in violation of § 940.225(3), STATS. He argues that: (1) the trial court prevented him from presenting a complete defense by not providing defense counsel with Elizabeth's psychological records; and (2) the trial court abused its discretion by not providing defense counsel with police reports of prior uncharged alleged sexual assault.[1]

To determine whether the trial court erred in not providing defense counsel with Elizabeth's psychological records, we would need to independently review them. However, because it is not apparent from the record that Elizabeth voluntarily consented to the court's review of the psychological records in question,[2]

---

[1] Solberg also appeals from an order denying his motion for a new trial due to ineffective assistance of counsel. We do not discuss the order, however, because we dispose of the appeal on other grounds. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).

[2] The defense obtained and reviewed counselling records from Mary Todd, but did not receive medical records prepared by Dr. Stephen Krummel. We did not find anything in the

462

we are statutorily prohibited from conducting our own *in camera* review of the records to determine whether they are relevant or exculpatory.

A remand is therefore necessary to determine whether Elizabeth consents to examination of her psychological records by the court. If Elizabeth does not consent to the court's examination of her records, a new trial is necessary because her testimony should have been excluded.

Because we reverse the judgment and remand the case to the trial court on the issue of the psychological records, we do not address whether the trial court erroneously exercised its discretion by not providing defense counsel with police reports of prior uncharged alleged sexual assault. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (if decision on one point disposes of appeal, we will not decide other issues raised).

## BACKGROUND

Bruce Solberg and Elizabeth H. had a sexual relationship from early 1992 until December 1992, at which time Elizabeth said she did not want to have any more sexual relations. Solberg and Elizabeth recommenced their sexual relationship on January 4, 1993. On January 13, 1993, Elizabeth agreed to allow Solberg to come to her residence, at which time Elizabeth alleges they engaged in anal intercourse without her consent.

During discovery, the defense learned that Elizabeth had experienced flashbacks from a sexual assault

---

record indicating that Elizabeth waived her privilege with regard to Dr. Krummel's medical records, which are the records the parties ask us to review.

that occurred when she was nineteen years old. In a pretrial motion, the defense moved for the release of Elizabeth's psychological records. After reviewing the psychological records *in camera*, the trial court decided that it could not make a determination on their relevancy without more information from the treating physician and the opinion of an expert.

The trial court sent a letter to Elizabeth's psychiatrist, Dr. Krummel, requesting a personal interview regarding the records. Defense counsel submitted questions to the court to be asked of Dr. Krummel. After interviewing Dr. Krummel *in camera*, the trial court ruled that nothing in the psychological records would assist the defense in any way, and thus did not disclose the reports to trial counsel.

Elizabeth testified at trial, and the jury found Solberg guilty of sexual assault. Solberg appeals.

## PSYCHOLOGICAL RECORDS

Solberg argues that the trial court abused its discretion by not providing defense counsel with Elizabeth's psychological records. The trial court reviewed the records *in camera* pursuant to *State v. Shiffra*, 175 Wis. 2d 600, 605, 499 N.W.2d 719, 721 (Ct. App. 1993), in which we stated that "[t]o be entitled to an in camera inspection [of privileged records], the defendant must make a preliminary showing that the sought-after evidence is material to his or her defense." The state conceded that Solberg made a preliminary showing that the records may be material and, according to defense counsel, either "instructed or requested" Elizabeth to sign a release. After reviewing the records and consulting with Elizabeth's treating physician, the trial court concluded that the records were not relevant to the defense.

Solberg argues that the trial court erred in ruling that the records were not relevant to his defense. Both parties ask that we review Elizabeth's psychological records to determine whether the records are relevant. However, because it is not apparent that Elizabeth has waived her privilege with regard to this information, we decline to do so.

■

Wisconsin's psychologist-patient privilege is set forth in § 905.04(2), STATS., which provides as follows:

> GENERAL RULE OF PRIVILEGE. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition, among the patient, . . . the patient's psychologist . . . or persons, including members of the patient's family, who are participating in the diagnosis or treatment under the direction of the . . . psychologist . . . .

Section 905.04(2) creates an absolute privilege against disclosure. *See State v. Shiffra*, 175 Wis. 2d 600, 612, 499 N.W.2d 719, 724 (Ct. App. 1993). A privilege holder waives the privilege only if he or she voluntarily discloses or consents to disclosure of any significant part of the records. *State v. Speese*, 191 Wis. 2d 205, 217-18, 528 N.W.2d 63, 68 (Ct. App. 1995), *rev'd on other grounds*, 199 Wis. 2d 599, 545 N.W.2d 510 (1996).

■

The patient is not obligated to disclose privileged records just because the defendant has made a preliminary showing of relevancy. *See Shiffra*, 175 Wis. 2d at 612, 499 N.W.2d at 724. Under § 905.04, STATS., a court cannot order the disclosure of privileged records.

*Speese*, 191 Wis. 2d at 219 n.12, 528 N.W.2d at 69. If the patient refuses to disclose his or her records, the trial court should suppress the testimony of the patient to protect the defendant's right to a fair trial. *Shiffra*, 175 Wis. 2d at 612, 499 N.W.2d at 724-25.

From our review of the trial court record, we did not discover either a written consent form or an on-the-record authorization from Elizabeth stating that she waived her privilege with regard to Dr. Krummel's records. Although it is implicit in the record that Elizabeth signed some sort of release, we decline to infringe upon Elizabeth's privilege without express consent to do so. If Elizabeth did waive her privilege, we do not know the scope of her waiver, the records to which she waived her privilege, and whether her waiver was voluntary or coerced. Therefore, we are statutorily prohibited from reviewing Dr. Krummel's records to determine whether they are exculpatory.

■

Because we cannot conduct our own *in camera* review of the records, we must remand the case to the trial court. On remand, the trial court must follow the mandates of both *Shiffra* and *Speese*, in which we reconciled a patient's right to confidentiality with a defendant's right of access to exculpatory evidence. *See Speese*, 191 Wis. 2d at 216-225, 528 N.W.2d at 68-71; *Shiffra*, 175 Wis. 2d at 605 613, 499 N.W.2d at 721-725. If Elizabeth does not consent to the court's examination of her records, a new trial is necessary because she should not have been permitted to testify.

Solberg also argues that the trial court erred when it consulted Elizabeth's treating physician to determine the relevancy of the records. First, Solberg argues that the defense, and not Dr. Krummel, is in the best position to review the medical records and, thus, the

defense should be allowed to review the medical records to see if they are relevant. Solberg cannot review the records, however, without Elizabeth's consent. *Speese*, 191 Wis. 2d at 217-18, 528 N.W.2d at 68. Barring consent, the records are privileged. *Id.* By reviewing the records *in camera*, after authorization, the court protects both Solberg's right of access to exculpatory evidence and Elizabeth's right to confidentiality. *Shiffra*, 175 Wis. 2d at 605, 499 N.W.2d at 721.

Second, Solberg argues that the trial court, by delegating its judicial responsibility of determining facts to a treating physician who has a conflict of interest given his legal and professional obligations to the patient, denied him his constitutional right to a fair and impartial judge under *State v. Rochelt*, 165 Wis. 2d 373, 378, 477 N.W.2d 659, 661 (Ct. App. 1991). The record, however, does not support Solberg's contention that the trial court delegated its judicial responsibility. The trial court merely consulted Dr. Krummel for the purpose of determining whether his references to "flashbacks" may have any benefit to the defendant, and the trial court, not Dr. Krummel, concluded that the records were not relevant.

The fact that Dr. Krummel may have some bias toward Elizabeth does not prevent the court from considering his opinion. When the trial judge is the trier of fact, he or she is the sole judge of the weight and credibility to be given to the testimony of witnesses. *Estate of Stronks*, 14 Wis. 2d 356, 368, 111 N.W.2d 71, 77 (1961). Solberg offers no evidence which would lead us to conclude that the trial court failed to weigh the credibility of Dr. Krummel when ruling that the records were not relevant.

The trial court infringed upon Elizabeth's psychologist-patient privilege, however, by consulting Dr. Krummel without Elizabeth's consent. Just because the trial court reviewed Elizabeth's records does not mean that Elizabeth has completely waived her right to confidentiality. The court conducts an *in camera* review of the privileged records so that confidentiality can be protected, not waived. *See Speese*, 191 Wis. 2d at 220, 528 N.W.2d at 69. Before the court consults any treating physician or expert regarding Elizabeth's psychological records, it must receive Elizabeth's consent.

The trial court also erred by consulting with Dr. Krummel off the record. On appeal, this court cannot properly review the trial court's decision without the full record on which the trial court based its determination. *See Jenkins v. Sabourin*, 104 Wis. 2d 309, 313-14, 311 N.W.2d 600, 603 (1981) (assertions of fact that are not part of the record will not be considered on appeal). To preserve the record for review, the conference between the trial court and the treating physician should have been recorded. To protect the confidentiality of the patient's records, the transcript of any conference in which privileged records are discussed should be sealed pending review by this court.

*By the Court.*—Judgment reversed and cause remanded with directions.