STATE of Wisconsin, Plaintiff-Respondent,

v.

Arden KRUEGER, Defendant-Appellant.

Court of Appeals

*No. 00–1136–CR. Submitted on briefs December 4, 2000.—Decided December 19, 2000.*

2001 WI App 14

(Also reported in 623 N.W.2d 211.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Edward John Hunt* of *Hunt Law Group*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *William L. Gansner*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Arden Krueger appeals his judgment of conviction for attempting to have sexual contact with a person under thirteen years of age, contrary to WIS. STAT. §§ 939.32 and 948.02(1).[1] Krueger argues that he was denied his right to effective assistance of counsel because defense counsel failed to object when the trial court provided the jury with an instruction that did not contain an element of the crime. We agree and reverse Krueger's conviction.

## BACKGROUND

¶ 2. Krueger was charged with attempted sexual contact with a person under thirteen years of age. At the conclusion of trial, the court provided the jury with an instruction missing an element of the crime. The instruction informed the jury that "sexual contact," as defined in WIS. STAT. § 948.01(5)(a), required an "intentional touching" of the victim's breast or vaginal area, but it did not state that the touching must have "the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." Defense counsel did not object to the incomplete instruction. The jury found Krueger guilty.

¶ 3. Krueger filed postconviction motions and claimed ineffective assistance of counsel. The trial court denied his motions. This appeal followed.

## STANDARD OF REVIEW

¶ 4. The familiar two-pronged test for an ineffective assistance of counsel claim requires a defendant to prove (1) deficient performance and (2) prejudice. *See*

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984); *see also State v. Sanchez,* 201 Wis. 2d 219, 236, 548 N.W.2d 69 (1996) (the *Strickland* analysis applies equally to ineffectiveness claims under the state constitution). To prove deficient performance, a defendant must show specific acts or omissions of counsel, which are "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. To prove prejudice, a defendant must show that counsel's errors were so serious that the defendant was deprived of a fair trial and a reliable outcome. *See id.* at 687. In order to succeed, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. 

¶ 5. On appeal, the trial court's findings of fact will be upheld unless they are clearly erroneous. *See State v. Pitsch,* 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985). However, proof of either the deficiency or the prejudice prong is a question of law that this court reviews independently. *See id.*

## DISCUSSION

¶ 6. Krueger argues that defense counsel was deficient when he failed to object to the incomplete instruction that the trial court gave the jury. Krueger further argues that the deficiency was prejudicial. Because our resolution of these issues is dispositive of the appeal, we need not address the other issues Krue-

ger raises.[2] *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

¶ 7. The State concedes that Krueger's defense counsel's performance was deficient. The State argues, however, that Krueger was not prejudiced because he has not shown a reasonable probability that the verdict would have been any different if the jury had been fully instructed. As a result, resolution of this appeal rests on whether Krueger's defense was prejudiced by the incomplete instruction given to the jury.

¶ 8. WISCONSIN STAT. § 948.02(1) states that "[w]hoever has sexual contact or sexual intercourse with a person who has not attained the age of 13 years is guilty of a Class B felony." The definition of sexual contact in WIS. STAT. § 948.01(5)(a) reads:

> Intentional touching by the complainant or defendant, either directly or through clothing by the use of any body part or object, of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant.

¶ 9. The instruction given by the trial court stated that in order for the jury to find Krueger guilty, the State must prove beyond a reasonable doubt that (1) Krueger touched the victim's breast or vaginal area,

---

[2] Krueger also argues that he was denied effective representation because his trial counsel failed to (1) lay a foundation for impeachment of the complainant; (2) seek exclusion of other acts evidence; and (3) object to the opinion evidence of a witness. Krueger further contends that the trial court erred by excluding admission of exculpatory evidence and by failing to fully instruct the jury of all of the elements of first degree sexual assault of a child.

and (2) the touching was an intentional touching. The instruction did not inform the jury that intentional touching must be "for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." *Id.*; *see also* WIS JI—CRIMINAL 2101A.

█

¶ 10. "The Due Process Clause protects a defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he or she is charged." *State v. Howard*, 211 Wis. 2d 269, 290, 564 N.W.2d 753 (1997) (citing *In re Winship*, 397 U.S. 358, 364 (1970)). The burden of proving all elements of a crime beyond a reasonable doubt rests upon the State. *See Muller v. State*, 94 Wis. 2d 450, 473, 289 N.W.2d 570 (1980).

¶ 11. In *Howard*, 211 Wis. 2d at 292, the jury was entirely precluded from considering an essential element of the crime. Our supreme court held that the absence of the instruction rendered the verdict fundamentally unfair. *See id.* "[Howard] is entitled to a fair trial according to the established rules of procedures and principles of law, with a jury finding on each and every element of the crime charged." *Id.* at 295.

¶ 12. In *State v. Avila*, 192 Wis. 2d 870, 893a, 532 N.W.2d 423 (1995), the supreme court distinguished the effect of flawed jury instructions from the complete absence of an essential instruction. It held that if the circuit court fails to instruct a jury about an essential element of the crime and the jury must find that element beyond a reasonable doubt, there is an automatic reversal of the verdict. *See id.*

¶ 13. While *Howard* and *Avila* address the absence of an essential jury instruction under a harmless error analysis and not in the context of ineffective

assistance of counsel, they lend guidance to our analysis. Here, the complete absence of an essential instruction was fundamentally unfair to Krueger. The absence allowed the jury to convict him without making a finding on an essential element of the crime. *See Howard*, 211 Wis. 2d at 292. The State was required to prove beyond a reasonable doubt that Krueger not only intended to intentionally touch the victim's breast or vaginal area, but that he did so with the intent to become sexually aroused or gratified. *See* WIS. STAT. § 948.01(5)(a); *see also* WIS JI—CRIMINAL 2101A.

¶ 14.　Under the instructions given by the trial court, the State was relieved of proving an essential element. The jury was allowed to convict Krueger without being asked to determine whether Krueger touched the victim with the intent to become sexually aroused or gratified. Therefore, the absence of the instruction renders Krueger's conviction "fundamentally unfair." *Howard*, 211 Wis. 2d at 292.

¶ 15.　We conclude that a jury instruction lacking an essential element of the crime is fundamentally unfair and establishes prejudice under the *Strickland* test. Krueger is therefore entitled to a new trial.

*By the Court.*—Judgment reversed.