# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2021AP1841-CR

Complete Title of Case:

> **STATE OF WISCONSIN,**
> **PLAINTIFF-APPELLANT,**
>
> **V.**
>
> **MARK J. GAHART,**
> **DEFENDANT-RESPONDENT.**

| | |
|---|---|
| Opinion Filed: | November 2, 2022 |
| Submitted on Briefs: | September 30, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Gundrum, P.J., Neubauer and Lazar JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:        On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Winn S. Collins*, assistant attorney general, *Joshua L. Kaul*, attorney general, Madison.

Respondent
ATTORNEYS:        On behalf of the defendant-respondent, the cause was submitted on the brief of *Theodore B. Kmiec III* of *Kmiec & Noonan, LLC*, Salem.

# COURT OF APPEALS
# DECISION
# DATED AND FILED

## November 2, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2021AP1841-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2019CF1120

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

   PLAINTIFF-APPELLANT,

 V.

MARK J. GAHART,

   DEFENDANT-RESPONDENT.

APPEAL from a judgment and an order of the circuit court for Kenosha County:  JASON A. ROSSELL, Judge.  *Order reversed and cause remanded with directions*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

¶1      NEUBAUER, J.  Mark J. Gahart was convicted of operating while under the influence of an intoxicant (OWI) with a minor passenger in the vehicle. The circuit court determined that the minor was not a victim of the OWI offense and

entered a judgment of conviction which was silent as to restitution and a postjudgment order stating that "Restitution is not ordered." The State's appeal raises the narrow issue of whether the minor passenger has a right to restitution. We conclude that the minor is a victim of Gahart's crime under the restitution statute, WIS. STAT. § 973.20 (2019-20).[1] Accordingly, we reverse the postjudgment order denying the right to seek restitution and remand for further proceedings consistent with this opinion.[2]

## BACKGROUND

¶2 The facts underlying the issue on appeal are brief and undisputed. Gahart pled guilty to operating a motor vehicle under the influence of an intoxicant with a minor passenger under sixteen years of age in the vehicle under WIS. STAT. §§ 346.63(1)(a) and 346.65(2)(f)2.[3] The minor passenger was Gahart's daughter. Gahart had a blood alcohol level of 0.13.

¶3 The minor's mother told the circuit court at sentencing that Gahart "placed [his daughter] in a vehicle and scared her with his erratic driving from Burlington to Kenosha." The mother reported that her daughter asked Gahart to

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] We leave the judgment undisturbed and reverse only the postjudgment order because further proceedings in the circuit court are necessary to determine whether an award of restitution is appropriate.

[3] Gahart pled to the OWI crime as a second offense, which is not relevant to our analysis.

slow down, but he "silenced her" as he followed other vehicles closely and attempted to "pass everybody."[4]

¶4    Before sentencing, the circuit court received a request for restitution from the minor passenger's mother, based on the minor's status as a victim. She sought to recover expenses and fees she incurred in a family court proceeding with Gahart, which she contended arose out of the drunk driving incident. Gahart challenged restitution, arguing that the minor is not a victim with a right to recover restitution and that there was no causal nexus between the minor's presence in the vehicle and the amounts sought in restitution.

¶5    The circuit court held a hearing prior to sentencing and denied restitution after concluding that the minor passenger was not a victim as that term is defined for purposes of restitution. Because this determination was dispositive, the court declined to address whether the fees and expenses sought by the mother would be recoverable as restitution. At sentencing, the court stated further that the issue of whether the damages were caused by the OWI would require testimony from witnesses. The court subsequently entered a judgment of conviction which awarded no restitution and a postjudgment order denying restitution. The State appeals.

**DISCUSSION**

*I.    Standard of Review*

¶6    The narrow issue on appeal is whether the minor passenger is a victim of Gahart's crime under WIS. STAT. § 973.20. "[W]hether the [circuit] court is

---

[4] Shortly after Gahart dropped his daughter off at home, he was involved in a collision. As to the collision, Gahart pled guilty to felony hit and run with injury, which is not at issue in this appeal.

authorized to order restitution under a certain set of facts, and whether a claimant is a 'victim' under the statute, involves the interpretation and application of § 973.20 and is therefore a question of law that we determine de novo." ***State v. Vanbeek***, 2009 WI App 37, ¶6, 316 Wis. 2d 527, 765 N.W.2d 834.

## II. *Applicable Restitution Statutes and Legal Principles*

¶7    WISCONSIN STAT. § 973.20 authorizes a circuit court to order restitution. Subsection (1r) provides that the court "shall order the defendant to make full or partial restitution ... to any victim of a crime considered at sentencing … unless the court finds substantial reason not to do so and states the reason on the record." Sec. 973.20(1r). A "[c]rime considered at sentencing" is defined as "any crime for which the defendant was convicted and any read-in crime." Sec. 973.20(1g)(a).

¶8    For purposes of restitution, a victim is defined under WIS. STAT. § 950.02(4)(a)1. in part as "[a] person against whom a crime has been committed." *See also **State v. Hoseman***, 2011 WI App 88, ¶15, 334 Wis. 2d 415, 799 N.W.2d 479. If a child is a victim, the child's nonoffending parent is also a victim. *See* Sec. 950.02(4)(a)2., (b).[5]    On appeal, Gahart does not challenge the State's

---

[5] The Wisconsin Constitution also recognizes a right to restitution, and defines "victim" to include "[a] person against whom an act is committed that would constitute a crime if committed by a competent adult." WIS. CONST. art. I, § 9m(1)(a)1.; *see also **id.*** art. I, § 9m(2)(m) (extending to victims a right "[t]o full restitution from any person who has been ordered to pay restitution to the victim"). A nonoffending parent of a minor victim is included within the constitutional definition of "victim" unless a court finds that parent would not act in the minor's best interest. WIS. CONST. art. I, § 9m(1)(a)3., (b). Because we determine that the minor passenger and her mother are "victims" under the Wisconsin statutes, we need not address the constitutional provisions. *See **Sweet v. Berge***, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (when one issue is dispositive of an appeal, we need not reach other issues).

contention that if the minor is a victim, the nonoffending parent could also be a victim and have a right to restitution if warranted.

### III.    *The Minor Passenger is a Victim.*

¶9    This appeal requires us to determine whether a minor passenger of a driver convicted of OWI with a minor passenger under WIS. STAT. §§ 346.63(1) and 346.65(2)(f) is "[a] person against whom a crime has been committed" and thus a "victim" under WIS. STAT. § 950.02(4)(a)1.

¶10    We begin by discussing the relevant OWI statutes.  Under WIS. STAT. § 346.63(1)(a), no person may operate a motor vehicle while under the influence of an intoxicant "to a degree which renders him or her incapable of safely driving."  A first violation of § 346.63(1) is noncriminal and subjects the person only to a forfeiture of "not less than $150 nor more than $300."  WIS. STAT. § 346.65(2)(am)1.; *see also* WIS. STAT. § 939.12 ("Conduct punishable only by a forfeiture is not a crime.").  However, in 2009, Wisconsin criminalized all violations of § 346.63(1) if a minor under sixteen years of age is in the vehicle.  *See* 2009 Wis. Act 100, §§ 48-49.    WISCONSIN STAT. § 346.65(2)(f)1.-2. impose criminal penalties—fines and imprisonment—for violations of § 346.63(1) committed with a minor in the vehicle.[6]  *See* § 939.12 ("A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both.").

¶11    The State must prove three elements beyond a reasonable doubt to establish OWI with a minor passenger:  (1) "The defendant [drove or operated] a

---

[6] Prior to 2009 Wis. Act 100, the presence of a minor passenger doubled the forfeiture penalty for a first offense.  *See* WIS. STAT. § 346.65(2)(f) (2007-08) ("If there was a minor passenger under 16 years of age in the motor vehicle at the time of the violation that gave rise to the conviction [of operating under the influence] under [WIS. STAT. §] 346.63(1), the applicable minimum and maximum forfeitures … for the conviction are doubled.").

motor vehicle on a highway"; (2) "The defendant was under the influence of an intoxicant at the time the defendant [drove or operated the] motor vehicle"; and (3) "There was a minor passenger under 16 years of age in the vehicle." WIS JI—CRIMINAL 2663D (footnotes omitted). In the comment to WIS JI—CRIMINAL 2663D, the jury instruction committee wrote that "[b]ecause the presence of the minor passenger makes conduct criminal that would otherwise be a forfeiture, the Committee concluded that it becomes an element of the crime." We agree.

¶12 Here, the Legislature explicitly and unambiguously identified the presence of a minor passenger as an element of a crime involving operating while intoxicated. *See **State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (we give statutory language its plain meaning). The legislative determination recognizes that a minor is usually unable to object or leave the vehicle and is put at significant risk of harm by the intoxicated driver's actions. When the drunk driver is a parent, the minor's inability to protect himself or herself is even more acute. *See **State v. Teynor***, 141 Wis. 2d 187, 200, 414 N.W.2d 76 (Ct. App. 1987) ("The lawful authority of a parent over a minor child includes the authority to direct the child's activities.").

¶13 The Legislature has determined to criminally punish and deter drivers who subject minors to the grave risks associated with drunk driving, identifying a minor as one against whom a crime has been committed. We reject Gahart's contention that this is a victimless crime. As reported by his minor daughter's mother, Gahart placed his daughter in the vehicle and drove erratically from Burlington to Kenosha, refused to slow down, followed other vehicles too closely, and frequently attempted to pass others. By directing his daughter to ride in a vehicle he was too intoxicated to drive safely, Gahart committed a crime against her.

## CONCLUSION

¶14    For the reasons set forth above, the minor passenger and her nonoffending parent are crime victims; each has the statutory rights of crime victims, including the right to seek restitution.  The circuit court declined to address whether the mother is entitled to recover the expenses and fees she incurred in the family court proceeding as restitution.  Accordingly, we reverse the postjudgment order denying restitution and remand to the circuit court to conduct further proceedings to determine whether an award of restitution is appropriate.

*By the Court*.—Order reversed and cause remanded with directions.