COURT OF APPEALS
DECISION
DATED AND FILED

June 28, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP991**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV378

IN COURT OF APPEALS
DISTRICT II

DESHAWN D. JOHNSON,

   PLAINTIFF-APPELLANT,

 V.

KATELYN COWLEY,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Fond du Lac County: DALE L. ENGLISH, Judge. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1  PER CURIAM.  Deshawn D. Johnson, an inmate in the Wisconsin prison system, appeals pro se from a circuit court order granting summary judgment to Correctional Officer Katelyn Cowley—dismissing Johnson's tort suit against Cowley alleging that she gave him the wrong medication.  We affirm.[1]

## I.  BACKGROUND

¶2  In February 2020, Cowley worked as a correctional officer at the prison where Johnson was housed, and she distributed medication to Johnson.  At the time, the prison's medication delivery policy, DAI No. 500.80.11, required that, "Correctional Officers shall compare the label on the medication container/packaging to the DOC-3026 – Medication/Treatment Record to ensure accuracy identifying the right:  a. Inmate.  b. Medication.  c. Dose.  d. Time. e. Route."  The policy also stated:  "Correctional Officers shall show the medication container/package and label to the inmate patient.  The inmate patient verifies the following information is correct:  a. Inmate patient name. b. Medication. c. Dose. d. Time. e. Route."

¶3  A security-camera video from the night in question showed Cowley stop at Johnson's cell, look at his medication card, show him his medication card, and then dispense the medication to him.  After ingesting the medication, Johnson alleges that he was ill for two days.  He claims that he ingested the medication first and then asked Cowley if he could see the medication card, at which time he realized it was the wrong medication.  After his administrative complaints were

---

[1]  The Honorable Rhonda L. Lanford presided over this matter until the change of venue was ordered.  The Honorable Dale L. English presided over the matter shortly thereafter and entered the final order.

rejected based on the security-camera video showing that Cowley followed the proper medication delivery procedure, Johnson filed suit against Cowley, alleging she was negligent. Among his various claims, Johnson contended that Cowley was negligent because she violated the medication delivery policy. He asserted that Cowley failed to show him his medication card *before* he ingested the medication and that she failed to electronically scan the identification tag on his door to compare it to his medication card.

¶4 Cowley denied Johnson's contentions and moved for summary judgment. She argued that governmental immunity barred the negligence suit against her and that, even if immunity did not apply, Johnson was more negligent as a matter of law for willfully ingesting an unknown pill without verifying that it was his prescribed medication. In support of her summary judgment motion, Cowley included the security-camera video that showed her administering the pill to Johnson as well as her own affidavit and an affidavit of her supervisor, Captain Robert Rymarkiewicz, attesting that he viewed the video, and it showed that Cowley properly followed the medication delivery policy. The circuit court heard the summary judgment motion in May 2022 and issued a written order granting summary judgment in favor of Cowley "[f]or the reasons given on the record[.]" Johnson appeals from this order but, in doing so, indicated that transcripts would not be necessary to decide his appeal. Accordingly, Johnson's appeal comes to us without a transcript from the summary judgment hearing.

## II. DISCUSSION

¶5 Johnson's failure to provide the summary judgment hearing transcript, particularly when the order appealed from states only that summary judgment was granted "[f]or the reasons given on the record," leaves us with an

incomplete Record to review. "[W]hen an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling." *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993). We conclude that the circuit court did not err in granting summary judgment to Cowley because governmental immunity bars Johnson's negligence suit.[2]

¶6    This appeal arises from a grant of summary judgment based on governmental immunity. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2) (2021-22).[3] "The general rule acknowledged in Wisconsin is that a public officer or employee is immune from personal liability for injuries resulting from acts performed within the scope of the individual's public office." *C.L. v. Olson*, 143 Wis. 2d 701, 710, 422 N.W.2d 614 (1988). However, governmental immunity does not protect an employee who negligently performs a "ministerial duty[.]" *Id.* A duty is considered ministerial "only when it is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." *Lister v.*

---

[2] Because Cowley is entitled to governmental immunity, we need not address Cowley's alternate claim that summary judgment was appropriate because, as a matter of law, Johnson's negligence was greater than Cowley's. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (noting that we need not address other issues when one is dispositive of the appeal).

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

***Board of Regents of Univ. of Wis. Sys.***, 72 Wis. 2d 282, 301, 240 N.W.2d 610 (1976). Said differently, a ministerial duty eliminates an officer's exercise of discretion. *See **Pries v. McMillon***, 2010 WI 63, ¶26, 326 Wis. 2d 37, 784 N.W.2d 648. Our supreme court has stated that "[w]here there is a written law or policy defining a duty, we naturally look to the language of the writing to evaluate whether the duty and its parameters are expressed so clearly and precisely, so as to eliminate the official's exercise of discretion." ***Id.***

¶7      It is undisputed that the prison had a specific policy governing the delivery of medication to inmates and that Cowley's distribution of medication constituted a ministerial duty. The issue is whether Cowley complied with the policy and is thus immune or whether she failed to follow the policy, which would allow Johnson's negligence suit against her. Johnson argues that Cowley is not entitled to immunity because she did not follow the policy. He alleges that Cowley failed to show him his medication card *before* he ingested the medication. Johnson's claim, however, is contradicted by the objective security-camera video, which shows that Cowley complied with the medication policy. Johnson's claim is also contradicted by Captain Rymarkiewicz's testimony after watching the video. The video evidence submitted in support of summary judgment demonstrated that Cowley complied with DAI Policy No. 500.80.11 because it "shows Officer Cowley look at Johnson's medication card at the 1:06 mark, lean over to show Johnson the card at the 2:11 mark, and dispense the medication to him at the 2:40 mark." Captain Rymarkiewicz concluded this was "proper procedure." We must assume that the circuit court found the video evidence and Captain Rymarkiewicz's testimony credible and Johnson's version not credible because it granted Cowley's summary judgment motion. Without the transcript, "'we must assume that the missing material supports the trial court's ruling.'"

*State v. McAttee*, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 (citation omitted).[4]

¶8      Although Johnson argues that Cowley was negligent in administering his medication, he has failed to show any disputed issues of genuine material fact as to Cowley's failure to follow the proper medication delivery procedure because the video and Captain Rymarkiewicz's testimony conclusively refute his claims. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Government employees are immune from personal liability for negligence claims unless they fail to follow a well-defined ministerial duty. *See Kimps v. Hill*, 200 Wis. 2d 1, 10, 546 N.W.2d 151 (1996). Based upon the video evidence and sworn affidavits, Cowley complied with the medication delivery policy that required her to verify that the medication matched Johnson's name on the medication card and then required her to show it to Johnson prior to dispensing the medication to him. Accordingly, she is entitled to immunity, and therefore, the circuit court properly awarded summary judgment in favor of Cowley.[5]

---

[4] Johnson also claims that Cowley did not follow the medication policy because she did not use "the 'EMR' scanner system" to deliver his medication. He claims that she was required to use the EMR scanner to scan his door tag to see if there was "any discrepancy" between his door tag and his medication. By granting summary judgment to Cowley, the circuit court flatly rejected Johnson's scanner assertion. We see no basis to overturn the circuit court's summary judgment decision on this basis. The medication policy says nothing about the use of a scanner, and therefore Johnson's scanner claim is meritless.

[5] To the extent we have not addressed an argument purportedly raised on appeal, the argument is deemed rejected. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.