COURT OF APPEALS
DECISION
DATED AND FILED

June 1, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2023AP429**
**2023AP430**

Cir. Ct. Nos. **2022TP2**
**2022TP3**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

NO. **2023AP429**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO L. C. P.-R.,
A PERSON UNDER THE AGE OF 18:

MARINETTE COUNTY HEALTH AND HUMAN SERVICES DEPARTMENT,

PETITIONER-RESPONDENT,

V.

T. P.,

RESPONDENT-APPELLANT.

_____

NO. **2023AP430**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A. E. H.,
A PERSON UNDER THE AGE OF 18:

MARINETTE COUNTY HEALTH AND HUMAN SERVICES DEPARTMENT,

PETITIONER-RESPONDENT,

V.

**T. P.,**

 **RESPONDENT-APPELLANT.**

---

 APPEALS from orders of the circuit court for Marinette County: JANE M. SEQUIN, Judge. *Affirmed*.

¶1 HRUZ, J.[1] Talia appeals orders terminating her parental rights (TPR) to her two children, Lyle and Alice.[2] Talia argues that there was insufficient evidence for the jury to determine that grounds existed for the TPRs and the circuit court's finding that she is an unfit parent was, therefore, clearly erroneous. Talia additionally argues that there was insufficient evidence for the court to conclude that terminating her parental rights was in the children's best interests and, therefore, the court erroneously exercised its discretion in doing so. We conclude that there was sufficient evidence for the jury to find grounds for the TPRs and that the court did not erroneously exercise its discretion by terminating Talia's parental rights. We therefore affirm.

## BACKGROUND

¶2 In February 2022, the Marinette County Health and Human Services Department filed petitions to terminate Talia's parental rights to her two

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reading, we refer to the appellant and the children in these confidential matters using pseudonyms, rather than their initials.

children:  Lyle, then age ten, and Alice, then age nine.  The petitions alleged that Talia had failed to assume parental responsibility and that the children had a continuing need of protection or services ("CHIPS").  The children had been removed from Talia's care three times since January 2014, and they had not been returned to Talia's care since the most recent removal in March 2020.  That removal was based on concerns over Talia's ongoing substance abuse.

¶3     The circuit court ordered conditions for Talia to complete in order to be reunified with her children.  Specifically, the court ordered Talia to:  cooperate with the ongoing social worker; engage in individual counseling; participate in alcohol and other drug abuse (AODA) counseling; refrain from prescription drug and illegal substance use; maintain sobriety for at least six months; engage in parenting skills training; provide appropriate supervision to the children; maintain safe and appropriate housing; maintain employment; participate in consistent visitation; maintain a valid driver's license and insurance; and sign all necessary releases of information.

¶4     In November 2022, a two-day jury trial was held where Talia and her three social workers testified.[3]   June Kruse, the then current ongoing social worker, testified that Talia did not sufficiently comply with the conditions to have her children returned.  Kruse stated that Talia was "overall" compliant with keeping her informed.  Talia had consistently been in mental health counseling, but Kruse stated that Talia would often switch counselors.  According to Kruse, Talia had "been in AODA counseling but never completed [counseling] with one

---

[3] Talia's counsel called two of the earlier ongoing social workers in Talia's case.  They testified regarding the prior removals and Talia's efforts toward reunification during the prior removals of the children.

counselor to meet her goals." Kruse further testified that, throughout her time as Talia's social worker, Talia's drug tests came back positive for amphetamines and methamphetamines. Kruse also stated that Talia had "very unstable" housing and "on and off" employment. Although Talia's visits with her children were normally "good," Kruse described Talia's visits as "sporadic." Kruse noted that Talia had completed parenting skills training.

¶5     Kruse testified that she believed that she "provided [Talia] with many resources" and that she "made very reasonable efforts to help [Talia] reunify with her children." She testified that she "helped [Talia] move out of one of [her] homes" and "helped her move to her apartment and g[ot] her furnishings." Kruse stated that she gave Talia six drug tests to help her meet her conditions and that she also reviewed the drug tests other providers administered to Talia. Lastly, Kruse testified that she met with Talia often, discussing reunification and Talia's conditions. Talia also testified that she felt Kruse, overall, had helped her with her conditions.

¶6     Talia testified that she engaged in psychiatric appointments and AODA counseling. When asked about AODA counseling, Talia testified it was "an ongoing matter" and a "[w]ork in progress." Talia also testified that during the time period between the most recent removal of her children up until the filing of the TPR petitions, she lived at seven different addresses. Talia stated that she was employed in the fast food industry, but recently she had not worked for eighteen months due to a medical leave. Regarding visitation, Talia testified she had only nine visits with the children in 2021 and no visits in January and February 2022. Talia admitted that she did not have a driver's license until recently. Talia also stated that she signed nearly all of the releases requested by the County.

4

¶7      Because the circuit court determined that the first element of continuing CHIPS was undisputed—given that there was no question the children had been removed from the home—the court answered "yes" to the first element of continuing CHIPS before the verdict went to the jury. The jury returned a verdict finding that the County had proved both of its alleged grounds for the TPRs—i.e., continuing CHIPS and failure to assume parental responsibility. The court subsequently found Talia unfit.

¶8      In December 2022, a dispositional hearing was held and Kruse again testified. The circuit court weighed each statutory dispositional factor based on Kruse's testimony. The court found that there was a high likelihood of adoption for both children. The court then noted the health and ages of the children, finding that Alice had no medical issues and Lyle's health was being monitored for any future issues related to his testing positive for a "sickle cell trait." As to whether the children had a substantial relationship with Talia, the court noted that both children had recently refused to attend in-person visits with Talia.

¶9      Reviewing the children's wishes, the circuit court read out loud to the parties letters the children wrote to Talia and noted that both children requested that the TPRs occur. The court noted the long duration of Talia's separation from the children and stated that they were removed "at a very young age." As to whether the children would enter a more stable and permanent family relationship, the court found that "the lives of these children have been full of instability" and noted the "back and forth" history between reunification and removal.

¶10      The circuit court concluded that Talia had been "doing well" since the TPRs were filed, but it noted the repetitive history between Talia doing well,

prompting reunification, followed by Talia ceasing to do well, requiring the children to be removed again. The court ultimately determined that it was in the best interests of both children to terminate Talia's parental rights. Talia now appeals. Additional facts will be provided as necessary below.

## DISCUSSION

¶11 "[A]n involuntary termination of parental rights proceeding involves two steps—grounds and disposition." *Oneida Cnty. Dep't of Soc. Servs. v. Nicole W.*, 2007 WI 30, ¶11, 299 Wis. 2d 637, 728 N.W.2d 652. "The first step is a fact-finding hearing 'to determine whether grounds exist for the termination of parental rights,'" and the parent's rights are paramount in this step. *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶22, 246 Wis. 2d 1, 629 N.W.2d 768 (citation omitted). At the grounds step, "the petitioner must prove by clear and convincing evidence that one or more of the statutorily enumerated grounds for termination of parental rights exist." *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856. A "court has no discretion to refrain from finding a parent unfit after all the elements of a statutory ground have been established," *id.*, ¶25, and once grounds have been proven with sufficient evidence, "the court shall find the parent unfit," WIS. STAT. § 48.424(4).

¶12 The second step is disposition, and a circuit court holds a dispositional hearing "to decide whether it is in the best interest[s] of the child that the parent's rights be permanently extinguished." *See Steven V.*, 271 Wis. 2d 1, ¶27; *see also* WIS. STAT. § 48.426(2). At this hearing, the focus shifts to the interests of the child. *Sheboygan Cnty. Dep't of Health & Hum. Servs. v. Julia A.B.*, 2002 WI 95, ¶28, 255 Wis. 2d 170, 648 N.W.2d 402. The court "'should welcome' any evidence relevant to the issue of disposition, including any

'factors favorable to the parent,' and must at a minimum consider the six 'best interests' factors set forth in … § 48.426(3)." *Steven V.*, 271 Wis. 2d 1, ¶27 (citation omitted).[4]   The "ultimate decision to terminate parental rights is discretionary." *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996).

## I. Sufficiency of the evidence as to grounds for the TPRs

¶13    Talia contends the circuit court's finding that she was unfit was clearly erroneous, claiming that the evidence was insufficient to support a determination that the County established the elements of the continuing CHIPS

---

[4]   The nonexclusive factors that a circuit court is required to consider at disposition are:

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d) The wishes of the child.
>
> (e) The duration of the separation of the parent from the child.
>
> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

WIS. STAT. § 48.426(3).

ground.[5] We "review as a question of law whether the evidence presented to a jury is sufficient to sustain its verdict." ***Sheboygan Cnty. Dep't of Health & Hum. Servs. v. Tanya M.B.***, 2010 WI 55, ¶18, 325 Wis. 2d 524, 785 N.W.2d 369. "When considering the sufficiency of the evidence, we apply a highly deferential standard of review." ***Jacobson v. American Tool Cos.***, 222 Wis. 2d 384, 389, 588 N.W.2d 67 (Ct. App. 1998).

¶14 Our "review of a jury's verdict is narrow," and we "will sustain a jury verdict if there is any credible evidence to support it." ***State v. Quinsanna D.***, 2002 WI App 318, ¶30, 259 Wis. 2d 429, 655 N.W.2d 752. Even "'if the evidence gives rise to more than one reasonable inference,' we will 'accept the particular inference reached by the jury.'" ***Id.*** (citation omitted).

¶15 Talia fails to fully engage with the evidence the County presented or even align the evidence favorable to her with the elements of the continuing CHIPS ground. To establish that ground for termination, the County was required to prove:

---

[5] Talia also argues that the evidence was insufficient to prove the ground of failure to assume parental responsibility. We need not address this issue because we conclude there was sufficient evidence to prove the continuing CHIPS ground. Because only one ground is required for a TPR, and we determine this issue to be dispositive, we address only the continuing CHIPS ground. *See Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856 (stating that a petitioner must prove that one or more of the statutory grounds for a TPR exist); *Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (holding that an appellate court need not address every issue raised by the parties when one issue is dispositive).

Although the ultimate decision to terminate parental rights is within the circuit court's discretion, *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996), we agree with the County that WIS. STAT. § 48.424(4) instructs the court to find a parent unfit if grounds for termination are found by a jury. *See* § 48.424(4); *see also Steven V.*, 271 Wis. 2d 1, ¶25. As such, we construe Talia's argument regarding grounds as challenging not the court's exercise of discretion per se, but the sufficiency of the evidence before the jury. Thus, we proceed with the standard of review regarding a jury's verdict.

1. That the child has been adjudged to be a child or an unborn child in need of protection or services and placed, or continued in a placement, outside his or her home pursuant to one or more court orders ….

2.

....

b. That the agency responsible for the care of the child and the family or of the unborn child and expectant mother has made a reasonable effort to provide the services ordered by the court.

....

3. That the child has been placed outside the home for a cumulative total period of 6 months or longer pursuant to an order listed under subd. 1., not including time spent outside the home as an unborn child; that the parent has failed to meet the conditions established for the safe return of the child to the home; and, if the child has been placed outside the home for less than 15 of the most recent 22 months, that there is a substantial likelihood that the parent will not meet these conditions as of the date on which the child will have been placed outside the home for 15 of the most recent 22 months, not including any period during which the child was a runaway from the out-of-home placement or was residing in a trial reunification home.

WIS. STAT. § 48.415(2)(a). "'Reasonable effort' means an earnest and conscientious effort to take good faith steps to provide the services ordered by the court which takes into consideration the characteristics of the parent or child, … the level of cooperation of the parent … and other relevant circumstances of the case." Sec. 48.415(2)(a)2.a.

¶16 The jury returned a verdict finding that all the elements of continuing CHIPS were satisfied. Talia does not dispute that the County provided her with reasonable efforts, and Talia even testified that she felt Kruse helped her with meeting her conditions. Kruse testified regarding the various things she did to assist Talia, such as providing drug tests and helping her move.

¶17    There was also a wealth of evidence that Talia failed to meet the court-ordered conditions for the children's return to her care.  Talia acknowledged that she lived at seven different addresses between the children's removal and the filing of the TPR petitions; that she did not work for eighteen months; that she had only nine visits with the children in 2021 and none in January and February 2022; and that she did not have a driver's license until well after the filing of the TPR petitions.  Kruse testified that Talia never completed AODA counseling; that Talia's drug tests came back positive;[6] that Talia had on-and-off employment; that Talia had unstable housing; and that Talia had sporadic visitations with her children.  There was plenty of credible evidence to support the jury's finding that Talia failed to meet her conditions and, given our limited standard of review, we uphold this finding.  *See **Quinsanna D.***, 259 Wis. 2d 429, ¶30.

¶18    Even if we determined that the evidence could support a finding that the County failed to provide reasonable efforts or that Talia completed her conditions, we are to "accept the particular inference reached by the jury," regardless of whether "the evidence gives rise to more than one reasonable inference."  *See **id.*** (citation omitted).  Here, there is sufficient evidence to uphold the jury's verdict on the continuing CHIPS ground for both of Talia's children.  The circuit court did not erroneously exercise its discretion in finding Talia unfit, and it followed its statutory mandate to do so after the jury determined that the County had proven at least one ground for termination.

---

[6] Talia states that she had been "clean and sober" since the filing of the TPR petitions; however, the jury was instructed to only weigh the evidence regarding Talia's progress on conditions up until the filing of the TPR petitions.

## II. Sufficiency of the evidence regarding the children's best interests

¶19    Talia also argues that the circuit court erroneously exercised its discretion when it determined that termination of her parental rights would be in the children's best interests.  Similar to Talia's first argument, Talia fails to substantively engage with the evidence in the record.  Instead, and without citation to legal authority, Talia argues "there was no expert or professional testimony which served to corroborate the social worker's opinion."  There is no requirement for expert testimony at a dispositional hearing.  *See **State v. Whitaker***, 167 Wis. 2d 247, 255, 481 N.W.2d 649 (Ct. App. 1992) (holding that expert testimony is required only when an issue is beyond the fact finder's general knowledge and experience); *see also* WIS. STAT. § 48.427(1) (stating that any party "may present evidence relevant to the issue of disposition, including expert testimony").  Additionally, Talia argues that there was "limited evidence presented by the County," but she fails to mention, at least with any specificity, Kruse's testimony at the dispositional hearing.[7]

¶20    Whether to terminate an individual's parental rights is within the discretion of the circuit court.  ***Gerald O.***, 203 Wis. 2d at 152.  "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach."  ***Dane Cnty. Dep't of Hum.***

---

[7] Talia additionally makes various arguments, alleging that there was no documentary evidence that termination was in the children's best interests; asserting a general challenge to the report Kruse submitted to the circuit court for the TPR proceedings without acknowledging Kruse's testimony; and stating that the County provided limited testimony on adoptive resources. These arguments are very brief and lack citation to legal authority, and we therefore decline to address them.  *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (appeals court is not required to address undeveloped arguments).

***Servs. v. Mable K.***, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198. The circuit court's findings of fact will be upheld unless they are clearly erroneous. WIS. STAT. § 805.17(2).

¶21    We conclude that the circuit court properly exercised its discretion in terminating Talia's parental rights. In its brief, the County reviews each of the statutory "best interests" factors and notes the evidence presented in support of those factors. Talia generally presents no argument in reply to this discussion and actually admits "that the evidence of the disposition[al] hearing supplied a sufficient basis for the termination of her parental rights." She merely argues that the court's weighing of the evidence relative to the factors was erroneous.

¶22    In any event, the record shows that the circuit court weighed the required factors in WIS. STAT. § 48.426(3) and demonstrated a "rational process" when examining Kruse's testimony and the facts of the case. *See **Mable K.***, 346 Wis. 2d 396, ¶39. Talia's only discernably developed argument is that the court erred by allegedly overemphasizing the multiple removals of the children from her multiple residences. However, the court reached a conclusion "that a reasonable judge could reach" when it weighed the damage caused by the children's back-and-forth history of living with Talia, concluding that this pattern led to a life of instability for them. *See id*. The court did not erroneously find that after Talia had done well in the past and reunification occurred, Talia then ceased doing well and the children needed to be removed again. The court was allowed to weigh this evidence in the manner it did, and its ultimate decision that termination would be in the children's best interests was not an erroneous exercise of discretion.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.