**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 22, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1219**

Cir. Ct. No. **2023SC3295**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

PATTERSON & RICHARDSON PROPERTIES, LLC,

    PLAINTIFF-RESPONDENT,

  V.

NENG HUA CHEN,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Dane County: JOSANN M. REYNOLDS, Judge. *Reversed*.

¶1    KLOPPENBURG, J.[1]  Neng Hua Chen appeals a circuit court judgment of eviction. Chen's landlord, Patterson & Richardson Properties, LLC

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

("Patterson & Richardson"), brought this eviction action, alleging that Chen breached a lease provision prohibiting residential use of the property. After a hearing at which the lease itself was not produced, the court granted the judgment for eviction. I conclude that Patterson & Richardson did not introduce any evidence that the lease prohibits residential use, and, therefore, I reverse.

## BACKGROUND

¶2 In May 2023, Patterson & Richardson filed a complaint seeking to evict its tenant Chen from property it owns in Madison, Wisconsin ("the property"). According to the complaint, Chen was "in violation of [his] lease and city zoning ordinances" because he was using the property "as a residence," and "the only allowable use for the property is as a massage business." No written lease was attached to the complaint.

¶3 A return date was set before the court commissioner, but Chen did not appear, and the court commissioner entered default judgment. That same day, Chen moved to reopen the judgment. At the ensuing motion hearing before the circuit court three days later, Chen appeared pro se and told the court that he spoke little English and had misread the time stated on the notice of hearing. The court granted Chen's motion to reopen and immediately held an evidentiary hearing on the merits of the eviction action.[2]

---

[2] The circuit court did not ask the parties whether they were prepared to proceed with an evidentiary hearing at that time, instead telling the parties, "We'll proceed to the merits right now." Patterson & Richardson's trial counsel responded that she was "not prepared for the merits"; the court then offered to set the evidentiary hearing for a later date; and counsel declined the offer. Neither party argues that the court erred by proceeding with the evidentiary hearing immediately after granting Chen's motion to reopen, and so I address this issue no further.

¶4      During the hearing, Patterson & Richardson's trial counsel told the circuit court that Patterson & Richardson purchased the property from the previous owner in 2021.  Counsel offered and the court received as an exhibit a notice dated April 17, 2023, issued by the City of Madison to Patterson & Richardson.  This notice states that the property occupied by Chen had been used as a residence in violation of the City zoning code and that the violation must be corrected by the end of May.  Counsel told the court that Patterson & Richardson then "served" a "thirty-day notice of default to cure" on Chen on April 28.  Counsel offered and the court received as another exhibit a citation for the zoning violation issued by the City following the City's re-inspection, which revealed that the violation had not been corrected by June 5.

¶5      Patterson & Richardson's owner, Elissa Richardson, testified that "there has been a lease in place" with Chen and that the lease "allows" Chen to operate a massage business.  Richardson testified that the property "is a commercial property with three office buildings on it" and "the zoning for the property is for commercial use only."

¶6      Chen testified that he had signed a three-year lease with the previous owner of the property but did not testify as to the contents of this lease.  Chen admitted that he had permitted employees of his massage business to reside at the property but testified that the previous property owner had told him that residential use was permitted.  Chen testified that he had found a new residence for these employees, and as proof he offered and the circuit court received as an exhibit a residential lease showing a commencement date of June 16 (eleven days after the City issued the citation for the zoning violation).

¶7      Neither party introduced the lease for the property as an exhibit. The circuit court explained that, although the lease allegedly breached was not in the record, Patterson & Richardson was entitled to evict Chen based solely on the zoning violation, saying that "[t]he issue here is not whether or not [Chen] signed a lease. The issue here is [Chen] not complying with the zoning codes …."

¶8      The circuit court granted the judgment for eviction and subsequently stayed issuance of the writ of restitution pending this appeal.

## DISCUSSION

¶9      Chen argues that the circuit court erred by entering the judgment of eviction for breach of the lease when "no lease was put into evidence." Chen also challenges the judgment on numerous other grounds, including defective notice of the alleged breach. I need not reach these other issues, because I conclude that Patterson & Richardson failed to meet its burden to show that Chen violated the lease.[3] *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (this court needs not address other issues when one is dispositive).

¶10     "The burden of establishing the existence of a contractual obligation is on the party attempting to establish its breach." *Kozich v. Employe Tr. Funds Bd.*, 203 Wis. 2d 363, 377, 553 N.W.2d 830 (Ct. App. 1996); *see also* WIS JI—

---

[3] Although I do not reach these other issues, there appears to be at least a significant question as to whether Patterson & Richardson met its burden to show proper notice of the alleged breach. The breach notice itself was never entered into evidence—instead, Patterson & Richardson introduced a breach notice addressed to a different tenant at a different address. Patterson & Richardson asserts that it did enter the correct notice into evidence, but the record it cites does not support this assertion. Additionally, no evidence was introduced as to the specific method used to deliver the breach notice. *See* WIS. STAT. § 704.21(1) (enumerating specific methods by which notice must be given by a landlord).

CIVIL 3094 (in an eviction action, the landlord must prove "that there was a valid lease" with the tenant, and that the tenant "breached the lease."). "Whether a party has met its burden of proof is a question of law" reviewed de novo. ***Hallin v. Hallin***, 228 Wis. 2d 250, 258, 596 N.W.2d 818 (Ct. App. 1999).

¶11     Patterson & Richardson brought this eviction action on grounds that Chen breached the lease by using the property as a residence. To prevail, Patterson & Richardson was required to show, as a starting point, that the lease prohibits residential use. However, no evidence to that effect was introduced at the hearing.

¶12     As noted above, the lease that Patterson & Richardson seeks to enforce was never offered at trial, nor does it appear anywhere in the record. Patterson & Richardson offers no explanation for the absence of the lease. I pause to identify certain incidental issues related to the absence of the lease before proceeding with my analysis of the dispositive issue.

¶13     First, the lease that Chen testified he had with the previous owner appears to be the lease that Patterson & Richardson seeks to enforce in this action. However, Patterson & Richardson has not made any argument that the previous owner's rights under this lease were subsequently assigned to Patterson & Richardson upon change of ownership. For the purposes of this opinion, I will assume that all rights under the lease were properly assigned.

¶14     Second, the record lacks direct evidence about whether the lease was oral or written. Chen testified that he "signed" a lease with the previous owner, signifying that the lease was in writing, and that the lease was for a three-year term. The parties on appeal agree that the lease was for longer than one year. A lease for a term longer than one year must be in writing. *See* WIS. STAT.

§ 706.001(2)(c) (leases longer than one year are subject to the formal requirements of WIS. STAT. ch. 706, including the writing requirement set forth in WIS. STAT. § 706.02). For purposes of this opinion, I will assume that the lease was in writing.

¶15 Third, Chen argues in his initial brief that failure to "comply[] with zoning codes" is not itself a sufficient basis for eviction absent a violation of the lease. Patterson & Richardson does not respond to this argument in its respondent's brief, and I deem the argument conceded. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments may be deemed conceded).

¶16 I now proceed to explain my conclusion that Patterson & Richardson fails to point to evidence of the only grounds that it asserts for the eviction, namely, Chen's breach of the lease.

¶17 Patterson & Richardson contends that Elissa Richardson's testimony established that the lease prohibits residential use. Patterson & Richardson cites the following testimony by Elissa Richardson, which appears to be the only record evidence directly relating to the lease term that Chen purportedly breached:

> Trial counsel: … [C]an you tell me the nature of the tenant's business and their allowed use?
>
> Richardson: The nature of the tenant's business is as a massage service.
>
> Trial counsel: And that's what their lease allows them to do?
>
> Richardson: Yes.

¶18 This testimony appears to be at most a conclusory statement about the legal effect of the lease. *See Pagel v. Kees*, 23 Wis. 2d 462, 470, 127 N.W.2d

6

816 (1964) (a witness may not testify as to a "conclusion of law"). But setting that aside, if the lease "allows" use of the property as a massage business, it does not necessarily follow that the lease prohibits any other use. For example, the lease might specify multiple permissible uses, or it might impose no restrictions on the use of the property. Thus, Richardson's testimony is not evidence that the lease prohibits residential use.

¶19    Richardson also testified that the property "is a commercial property" and is "zoned for commercial use only." However, the fact that zoning ordinances prohibit residential use of the property does not mean that the *lease* prohibits residential use. To be sure, a landlord might insist that a lease for commercial property contain standard commercial lease terms, such as terms restricting how the tenant may use the property, or terms deeming any violation of a zoning ordinance to be a breach of the lease. But Patterson & Richardson introduced no evidence that such terms are actually in this particular lease.

¶20    In sum, Patterson & Richardson bore the burden at trial to establish that Chen breached the lease, but it introduced no evidence that the lease actually prohibited Chen from residential use of the property. Accordingly, Patterson & Richardson failed to meet its burden, and, therefore, the judgment for eviction was erroneously granted.

## CONCLUSION

¶21    For the reasons set forth above, I reverse the judgment for eviction.

*By the Court.*—Judgment reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.